DEVIN DERHAM-BURK #104353
CHAPTER 13 STANDING TRUSTEE
P O Box 50013
San Jose, CA 95150-0013

Telephone: (408) 354-4413
Facsimile: (408) 354-5513

Trustee for Debtor(s)

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA - DIVISION 5

In re:

SABANKAYA, SULEYMAN

SABANKAYA, RENEE

Debtor(s)

Chapter 13
Case No. 11-52520 SLJ

TRUSTEE'S OBJECTION TO CONFIRMATION WITH CERTIFICATE OF SERVICE

341 Meeting Date: April 28, 2011 11:30 am
Pre-Hearing Conference Date: June 23, 2011
Pre-Hearing Conference Time: 9:30 a.m.
Place: 280 S. 1st Street
       San Jose, CA Room 3099
Judge: Stephen L. Johnson

Devin Derham-Burk, Trustee in the above matter, objects to the Confirmation of this 10% Plan for the following reasons:

1. The debtors have failed to comply with Fed. R. Bankr. P. 3015 and 11 U.S.C. §1325(a)(1) in that the Chapter 13 Plan was not filed with the Petition. Since the plan was not filed in time to be served with the Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors & Deadlines, the debtors must serve all creditors with the Chapter 13 Plan, along with the **applicable** "Notice to Creditors Regarding Plan Provisions," and the "Order Establishing Procedures for Objection to Confirmation."

Trustee's Obj to Confirmation 11-52520 SLJ

1

Case: 11-52520    Doc# 23    Filed: 04/27/11    Entered: 04/27/11 16:08:56    Page 1 of 5

2. The Trustee objects to feasibility of the proposed plan pursuant to 11 U.S.C. 1325(a)(6) for the following reason: The proposed plan does not provide for arrears and/or on-going payments to junior lienholders on real property because a motion or adversary to eliminate the lien will be filed. This proposal does not demonstrate how the debtors will be able to pay the amounts due to junior lienholders in the event the debtors are not successful in eliminating the lien.

3. The Plan is in violation of 11 U.S.C. §1322(d) as the term exceeds 60 months. As proposed, the term is approximately 135 months.

4. The Trustee questions the feasibility of the Plan pursuant to 11 U.S.C. §1325(a)(6). Pursuant to Schedule J, there is a deficit in the debtors' budget of $94.61 prior to the debtors' plan payments of $759.

5. The Trustee is unable to determine if the plan is in compliance with 11 U.S.C. §1325(a)(5). The debtors have listed "AMS Servicing, LLC" as a secured creditor in Sections 2(b) and 4 of the plan; however, they have failed to provide for said creditor on Schedule D.

6. The Trustee is unable to determine if the Plan is in compliance with 11 U.S.C. §1325(a)(5). The debtors have listed "Bank of New York Mellon" as a secured creditor on Schedule D but have failed to include this creditor in their Chapter 13 Plan. The debtors file an Amended Plan to provide for this creditor on the plan and must serve the Amended Plan on the affected creditor.

//

//

7. The Trustee is unable to determine whether all of the debtors' projected disposable income is being applied to make payments to unsecured creditors under the plan as required by 11 U.S.C. §1325(b)(1)(B). The debtors are above the median income; therefore, the commitment period is 60 months. Pursuant to the Statement of Current Monthly Income, there is monthly disposable income of $607.97. Therefore, general unsecured creditors must receive at least $30,051.60. The debtors' proposed plan would result in general unsecured creditors receiving 10%, or approximately $8,000. The following deductions claimed on the Statement of Current Monthly Income are either inaccurate, not allowed by case law or are unsupported by Schedules I or J:

   a. Line 30: The debtors are attempting to deduct $1,400 for taxes; however, this amount is not supported by the debtors' schedules.
   b. Line 37: The debtors are attempting to deduct $225 for telecommunication services; however, this amount is for the debtors' telephone expense, which is specifically excluded from Line 37.
   c. Line 47: The debtors are attempting to deduct $2,368.61 for their average monthly mortgage payments; however, only $2,358.61 is supported by the debtors' schedules.

   Note: See point #8 below.

8. The debtors' proposed Chapter 13 Plan is in violation of 11 U.S.C. §1325(a)(4). According to the debtor's schedules, there is excess equity in the debtor's personal property in the amount of $6,340.20. The debtors must amend the plan to state that, notwithstanding Section 2(d), general unsecured creditors shall receive no less than $6,340.20. Note: see point #7 above.

//

//

9. Pursuant to 11 U.S.C. §521(a)(1)(B)(iv), the debtors have failed to provide the Trustee with copies of their pay advices for the 60 days preceding the filing of the petition. If the debtors cannot provide said pay advices, a declaration signed by the debtors under penalty of perjury must be provided explaining why said pay advices are not available.

10. The debtors have failed to comply with 11 U.S.C. §521(e)(2)(A)(i) and (B), in that they have not provided the Trustee with a copy of their most recently filed Federal income tax return.

Dated: April 27, 2011 /S/ Devin Derham-Burk

_____

Chapter 13 Trustee

# CERTIFICATE OF SERVICE BY MAIL

I declare that I am over the age of 18 years, not a party to the within case; my business address is 983 University Ave. C-100, Los Gatos, California 95032. I served a copy of the within Trustee's Objection to Confirmation by placing same in an envelope in the U.S. Mail at Los Gatos, California on April 27, 2011.

Said envelopes were addressed as follows:

| | |
|---|---|
| Suleyman Sabankaya<br>Renee Sabankaya<br>311 Branham Ln E<br>San Jose, CA 95111 | Anita L Steburg<br>The Steburg Law Firm<br>1754 Technology Dr #236<br>San Jose, CA 95110 |

/S/ Jacquelyn Michael
Office of Devin Derham-Burk, Trustee